1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

**LIZZETTE M. BOURET
ECHEVARRIA, et al.,**

    **Plaintiffs,**

    **v.**

**CARIBBEAN AVIATION
MAINTENANCE CORP., et al.,**

    **Defendants.**

**Consolidated Cases:
Civil No. 09-2034 (GAG)
Civil No. 09-2142 (GAG)
Civil No. 09-2158 (GAG)
Civil No. 09-2160 (GAG)**

**ORDER**

    Plaintiffs filed the present action against Robinson Helicopter Co. ("Robinson"), Caribbean Aviation Maintenance, Corp. and Chartis Insurance Company - Puerto Rico ("CAM Defendants") (collectively "Defendants") for the events that led to the death of Diego Vidal Gonzalez ("Vidal Gonzalez"). On November 12, 2008, a helicopter piloted by Jose A. Montano ("Montano") and carrying Vidal Gonzalez suffered severe damage while attempting to land at the Fernando Luis Ribas Dominicci Airport. Vidal Gonzalez was rushed to the Rio Piedras Medical Center where he was treated for injuries. Vidal Gonzalez lapsed into a coma and died 59 days later. Through the various consolidated actions Vidal Gonzalez's widow and three children ("Bouret Plaintiffs"), his son ("Vidal-Shirley"), his father and sisters ("Vidal-Lampon Plaintiffs"), and Montano (collectively "Plaintiffs") brought suit against Defendants for damages, claiming it was the negligence of Defendants that led to the death of Vidal Gonzalez.

    The present matter involves CAM Defendants' motion *in limine* to preclude Robinson's President, Kurt Robinson ("Kurt") from testifying at trial (Docket No. 285). Robinson filed a memorandum in opposition (Docket No. 334). CAM Defendants filed motion to clarify the record (Docket No. 350), which was opposed and clarified by Robinson (Docket No. 352). After reviewing the pleadings and pertinent law, the court **GRANTS** CAM Defendants' motion to preclude the testimony of Kurt.

**Civil No. 09-2034 (GAG)**                    2

## I.      Factual Background

The complaint in this case was filed on October 7, 2009 (Docket No. 1).  Robinson listed Frank Robinson ("Frank"), the President of the Robinson, as a fact witness it intended to call at trial in the joint case management memorandum.  (See Docket No. 48 at 27-28.)  In this memorandum, dated February 4, 2010, Frank's testimony would be in regards to numerous aspects of helicopters and aviation, and how that knowledge applies to the present case.  (See id.)   In an e-mail communication dated October 25, 2010, between Louis Martinez ("Martinez"), counsel for CAM Defendants, and Tim Goetz ("Goetz"), counsel for Robinson, Martinez stated that he wanted to arrange a time to depose Frank.  (See Docket No 350-1.)  Martinez stated that the discovery deadline of December 1, 2010 was approaching and he would have to make the arrangements to fly to California for the deposition.  (See id.)  Also in that e-mail, Martinez asked Goetz if Robinson planned on calling Frank as a witness because Goetz had stated in previous communications that it was possible Frank would not be called as a witness.  (See id.)  Goetz wrote a one sentence response stating, "We do not intend to call Mr. Frank Robinson as a fact witness at the trial of the above-referenced matter."  (See id.)  Based on this representation, CAM Defendants did not depose Frank during the discovery stage of litigation.

In August of 2010, Frank stepped down as President of Robinson and was succeeded by his son Kurt.  (See Docket No. 334 at 2.)  In the proposed pre-trial order Robinson submitted, dated October 14, 2011, Kurt is listed as a witness to testify as to the history of the Robinson business and to authenticate corporate records.  (See Docket No. 267.)  On December 1, 2011, CAM Defendants filed the present motion to preclude Kurt from testifying at trial (Docket No. 285).  In opposition, Robinson argued the switch of Kurt for Frank was substantially justified and harmless because CAM Defendants knew since the filing of the joint case management memorandum that Robinson planned on calling the President of Robinson as a witness.  (See Docket No. 334 at 4.)  This memorandum was signed by Diego Ramos and Goetz.  (See id. at 7.)  In response, CAM Defendants, through counselor Martinez, reminded of Robinson Goetz's representation that Frank would not be called as a witness and asked Robinson to withdraw Kurt from the witness list.  (See Docket No. 350-2.) Robinson responded with an apology to opposing counsel and to the court for any

misunderstandings, claiming Goetz forgot about his representation to Martinez and that there was a break-down in communication bewteen Martinez, Robinson's lead counsel and Goetz, Robinson's in-house counsel.  (See Docket No. 352 at 2, 5.)

## II.    Legal Analysis

Rule 26(a) requires a party to provide the name of each witness it plans to call during trial. See FED.R.CIV.P. 26(a)(3)(A)(i).  A violation of Rule 26(a) is cause for the court to preclude the witness from testifying at trial.  See FED.R.CIV.P. 37(c)(1) (stating preclusion of witness is the penalty for failure to timely name witness); Harriman v. Hancock Cnty., 627 F.3d 22, 29-30 (1st Cir. 2010) (upholding preclusion of witnesses because party did not comply with Rule 26(a) disclosures). However, if a party can demonstrate the failure to comply with Rule 26(a) is substantially justified or is harmless, then the witness may still testify.  See FED.R.CIV.P. 37(c)(1); Crispin-Taveras v. Mun. of Carolina, 647 F.3d 1, 8-9 (1st Cir. 2011) (holding party's non-compliance with Rule 26 harmless).

## III.   Discussion

Robinson states in its opposition to CAM Defendants' motion to clarify the record, that had counsel remembered his representation to Martinez, it would have limited its opposition to the harmlessness of Kurt's testimony.  (See Docket No. 352 at 5.)  However, earlier in its opposition, Robinson argues Goetz, "never meant not to call Robinson's current president if the need arose later on, as it has, considering all the bad reputation evidence the plaintiffs and CAM are now intent on offering against Robinson."  (See Docket No. 352 at 4.)  The court will address whether Robinson properly preserved the right to call the President of Robinson and whether the addition of Kurt as a witness is harmless as to CAM Defendants.

### A.      Ability to Call Robinson's President

Robinson argues it never meant to waive its right to call the President of Robinson as a witness.  However, the actions of Robinson's counsel seem to indicate otherwise.  When Frank was replaced by Kurt as President of Robinson in August of 2010, there remained roughly three months left of the discovery period.  Neither did Robinson indicate to CAM Defendants that Frank was no longer President, nor did they update the joint case management memorandum.  In fact, when Goetz

and Martinez were communicating in October 2010 regarding whether Frank would testify, Frank was no longer President.  Goetz did not inform Martinez that Kurt was currently the President. Robinson argues the significance of Frank's testimony is that he was the President of Robinson. However, when Martinez contacted Goetz to schedule Frank's deposition, Frank was no longer President.  Robinson had the opportunity at that time to inform CAM Defendants that Kurt was President and Frank was no longer being considered as a witness.  Instead, Goetz simply stated that Robinson did not intend to call Frank a witness.  Robinson never supplemented its disclosures or responses to reflect Kurt succeeding Frank as President as required by Rule 26(e).  See FED.R.CIV.P. 26(e) ("A party who has made a disclosure under Rule 26(a) . . . must supplement or correct its disclosure or response: (A) in a timely manner . . .").  This conduct belies the argument that Robinson meant to call the President of Robinson, whomever that may be, rather than Frank.  By omitting the fact that Frank was no longer President, Robinson continued to allow CAM Defendants to think that Frank was the President and that the President of Robinson would not be called to testify.

Also, CAM Defendants were relying on the representation of Robinson's counsel when it decided not to depose Frank.  While Robinson has apologized for any misunderstanding due to the communication breakdown between Goetz and Diego Ramos, the fact remains that Robinson's counsel stated it did not plan on calling Frank as a witness.  CAM Defendants relied upon that representation in deciding not to depose Frank.  While it may have been an oversight, it was an oversight on Robinson's behalf that negatively impacted CAM Defendants.

The final difference between Kurt and Frank is the difference in anticipated testimony.  As stated in the joint case management memorandum, Frank was to testify regarding numerous aspects of helicopters and aviation, and how those areas apply to the present case.  (See Docket No. 48 at 27-28.)  However, Robinson now asserts that Kurt will testify as to the history of Robinson and will authenticate certain documents.  (See Docket No. 267.)  Even accepting Robinson's assertion that it meant to preserve the right of Robinson's President to testify, Frank's proposed testimony is vastly different from Kurt's proposed testimony, further putting CAM Defendants at a disadvantage during the discovery and trial preparation phases.

**Civil No. 09-2034 (GAG)**                                    5

### B.    Harmlessness

Robinson argues the inclusion of Kurt is harmless to CAM Defendants because CAM Defendants knew all along that Robinson intended on calling its President and that CAM Defendants did not attempt to depose Kurt after learning that Kurt was the President from the proposed pre-trial order. Both issues have been touched upon previously. First, the actions of Robinson lead the court to the conclusion that it did not intend to have the President of Robinson testify. Having already represented that Frank was the President and then stating Robinson did not intend to call Frank, without also stating that Frank was no longer President, deprived CAM Defendants the ability to judge whether it they needed to depose Kurt or not. Additionally, the proposed testimony of Kurt varies widely from the proposed testimony of Frank. Secondly, CAM Defendants did not learn that Robinson would call Kurt to testify until October 14, 2011. By that time the discovery period had concluded. CAM Defendants attempted to work the issue out with Robinson, without the intervention of the court. When those attempts failed, CAM Defendants filed the present motion. The court finds CAM Defendants were proactive in seeking a resolution to this dispute rather than waiting until the eve of trial before seeking judicial resolution. For the above reasons the court does not find the addition of Kurt as a witness at this late junction to be harmless to CAM Defendants.

Finally, Robinson states Kurt's testimony will act as a counter balance to the evidence of prior accidents Plaintiff and CAM Defendants seek to admit. (See Docket No. 352 at 3.) However, the court has already barred all such evidence from trial in a previous order. (See Docket No. 364.) The effect of the present ruling barring Kurt from testifying is, at least, tempered by the court's prior ruling precluding evidence of prior accidents involving Robinson helicopters.

## IV.    Conclusion

For the reasons set forth above, the court **GRANTS** CAM Defendants' motion to preclude Kurt Robinson from testifying at trial (Docket No. 285).

**Civil No. 09-2034 (GAG)**                                    6

     **SO ORDERED**.

    In San Juan, Puerto Rico this 17th day of January, 2012.

*S/Gustavo A. Gelpí*

GUSTAVO A. GELPÍ

United States District Judge