IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**LIZZETTE M. BOURET ECHEVARRIA, et al.,**

    Plaintiffs,

    v.

**CARIBBEAN AVIATION MAINTENANCE CORP., et al.,**

    Defendants.

Consolidated Cases:
**Civil No. 09-2034 (GAG)**
**Civil No. 09-2142 (GAG)**
**Civil No. 09-2158 (GAG)**
**Civil No. 09-2160 (GAG)**

## ORDER

Plaintiffs filed the present action against Robinson Helicopter Co. ("Robinson"), Caribbean Aviation Maintenance, Corp. and Chartis Insurance Company - Puerto Rico ("CAM Defendants") (collectively "Defendants") for the events that led to the death of Diego Vidal Gonzalez ("Vidal Gonzalez"). On November 12, 2008, a helicopter piloted by Jose A. Montano ("Montano") and carrying Vidal Gonzalez suffered severe damage while attempting to land at the Fernando Luis Ribas Dominicci Airport. Vidal Gonzalez was rushed to the Rio Piedras Medical Center where he was treated for injuries. Vidal Gonzalez lapsed into a coma and died 59 days later. Through the various consolidated actions Vidal Gonzalez's widow and three children ("Bouret Plaintiffs"), his son ("Vidal-Shirley"), his father and sisters ("Vidal-Lampon Plaintiffs"), and Montano (collectively "Plaintiffs") brought suit against Defendants for damages, claiming it was the negligence of Defendants that led to the death of Vidal Gonzalez.

The present matter is a motion *in limine* filed by CAM Defendants seeking to preclude the testimony of Robinson's expert, Timothy Tucker ("Tucker"), as it pertains to aircraft maintenance. (See Docket No. 287.) Robinson filed a brief in opposition (Docket No. 337), arguing Tucker is qualified to testify regarding maintenance due to his extensive experience. After reviewing the pleadings and pertinent law, the court **DENIES** Plaintiffs' motion to preclude Tucker from testifying as an expert witness.

## I. Legal Standard

The admission of expert testimony is governed by Federal Rule of Evidence 702. That rule provides that:

> [a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

FED.R.EVID. 702.

The trial court acts as a gate-keeper as the judge must ensure an expert's testimony is both relevant and is based on a reliable foundation. See Daubert, 509 U.S. 579 at 597 (1993); U.S. v. Mooney, 315 F.3d 54, 62 (1st Cir. 2002).

The Daubert Court identified four factors that may assist the trial court in determining whether or not scientific expert testimony was reliable: "(1) whether the theory or technique can be and has been tested; (2) whether the technique has been subject to peer review and publication; (3) the technique's known or potential rate of error; and (4) the level of the theory or technique's acceptance within the relevant discipline." Mooney, 315 F.3d at 62 (citing Daubert, 509 U.S. at 593–94). These factors were later held to apply to all expert testimony, not just scientific testimony. See Kumho Tire Co. v. Carmichael, 526 U.S. 137, 147 (1999). The factors are not a checklist for the trial judge to follow, but rather the inquiry is a flexible one, allowing the trial judge to determine and adapt these factors to fit the particular case at bar. See Kumho, 526 U.S. at 150; Milward v. Acuity Specialty Prods. Grp., Inc., 639 F.3d 11, 15-16 (1st Cir. 2011). "Proponents . . . do not have to demonstrate that the assessments of their experts are correct, only that their opinions are reliable." Rivera-Cruz v. Latimer, Biaggi, Rachid & Godreau, LLP, 2008 WL 2446331 at *2 (D.P.R. June 16, 2008) (citing Ruiz–Troche v. Pepsi Cola of P.R. Bottling Co., 161 F.3d 77, 85 (1st Cir. 1998)). While the general focus of this inquiry is the principles and methodology relied upon by the expert, the court may consider the congruity of the data and the opinion proffered by the expert. See Gen. Elec. Co. v. Joiner, 522 U.S. 136, 146 (1997) (holding a court may conclude there is too great an analytical gap between data and the opinion proffered); Ruiz–Troche, 161 F.3d at 81.

**Civil No. 09-2034 (GAG)**                                                                 3

## II.   Legal Analysis

CAM Defendants argue Tucker should be barred from testifying with regards to one particular opinion of Tucker's anticipated testimony. (See Docket No. 287 at 2.) In his expert report, Tucker discusses in opinion #2 the role of mechanics and certain helicopter parts that are particular to Robinson aircrafts. (See id.) This opinion includes statements regarding the mechanical inspections that took place prior to the accident. (See id.) Robinson argues Tucker is an expert due to his 40 years of experience as a military and civilian helicopter pilot and instructor, more than 20,000 hours of flight time, his maintenance test flights with UH-1 helicopters, his experience as an experimental test pilot, and his role as owner of Pacific Wing & Rotor where he hired and supervised mechanics as evidence that he is an expert qualified to testify as to the maintenance procedures discussed in the opinion. The court agrees. While Tucker's expertise may be more clear in regards to piloting, pre-flight inspections and mechanical work have a common nexus with piloting as pilots are required to inspect the aircraft prior to flight. Additionally, Tucker's other positions with maintenance test flights, as an experimental test pilot, and as an owner and supervisor of mechanics demonstrate a sophisticated knowledge of maintenance procedures. The fact that Tucker does not hold a FAA Airframe and Powerplant mechanic's certificate is not dispositive, but it is a factor in the analysis. Based on Tucker's experiences and knowledge, the court finds his opinion to be within the scope of his expertise.

Additionally, CAM Defendants briefly argue that Tucker's testimony should be precluded because it would be duplicative and a waste of time and resources. The court understands there may be an overlap in the evidence presented by other witnesses and Tucker's, however, Tucker's perspective is different from other witnesses and his testimony will not be precluded by Federal Rule of Evidence 403 for being wasteful of time or resources.

## III.  Conclusion

For the foregoing reasons the court **DENIES** Plaintiffs' motion *in limine* to preclude Tucker's testimony as an expert witness (Docket No. 287).

**Civil No. 09-2034 (GAG)**            4

**SO ORDERED**.

In San Juan, Puerto Rico this 17th day of January, 2012.

*S/Gustavo A. Gelpí*

GUSTAVO A. GELPÍ

United States District Judge