IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**LIZZETTE M. BOURET ECHEVARRIA, et al.,**

    Plaintiffs,

    v.

**CARIBBEAN AVIATION MAINTENANCE CORP., et al.,**

    Defendants.

Consolidated Cases:
  Civil No. 09-2034 (GAG)
  Civil No. 09-2142 (GAG)
  Civil No. 09-2158 (GAG)
  Civil No. 09-2160 (GAG)

## ORDER

Plaintiffs filed the present action against Robinson Helicopter Co. ("Robinson"), Caribbean Aviation Maintenance, Corp. and Chartis Insurance Company - Puerto Rico ("CAM Defendants") (collectively "Defendants") for the events that led to the death of Diego Vidal Gonzalez ("Vidal Gonzalez"). On November 12, 2008, a helicopter piloted by Jose A. Montano ("Montano") and carrying Vidal Gonzalez suffered severe damage while attempting to land at the Fernando Luis Ribas Dominicci Airport. Vidal Gonzalez was rushed to the Rio Piedras Medical Center where he was treated for injuries. Vidal Gonzalez lapsed into a coma and died 59 days later. Through the various consolidated actions, Vidal Gonzalez's widow and three children ("Bouret Plaintiffs"), his son ("Vidal-Shirley"), his father and sisters ("Vidal-Lampon Plaintiffs"), and Montano (collectively "Plaintiffs") brought suit against Defendants for damages, claiming it was the negligence of Defendants that led to the death of Vidal Gonzalez.

The present matter is a motion *in limine* (Docket No. 306) filed by Bouret Plaintiffs seeking to preclude the testimony of CAM Defendants' expert, Adam K. Harris ("Harris"), as it pertains to mechanical engineering and accident reconstruction. CAM Defendants opposed this motion (Docket No. 333). After reviewing the pleadings and pertinent law, the court **DENIES** Bouret Plaintiffs' motion at Docket No. 306.

**Civil No. 09-2034 (GAG)**                            2

## I.  Legal Standard

The admission of expert testimony is governed by Federal Rule of Evidence 702. That rule provides that:

> [a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

FED.R.EVID. 702.

Before accepting expert testimony, a district court must determine whether the witness is "qualified as an expert by knowledge, skill, experience, training, or education." FED.R.EVID. 702. "It is well-settled that 'trial judges have broad discretionary powers in determining the qualification, and thus, the admissibility, of expert witnesses.'" Diefenbach v. Sheridan Transp., 229 F.3d 27, 30 (1st Cir. 2000) (quoting Richmond Steel, Inc. v. Puerto Rican Am. Ins. Co., 954 F.2d 19, 20 (1st Cir. 1992)). There is no mechanical formula for determining whether an expert is qualified to offer opinion evidence in a particular field. Santos v. Posadas De Puerto Rico Assocs., Inc., 452 F.3d 59, 63 (1st Cir. 2006). "The test is whether, under the totality of circumstances, the witness can be said to be qualified as expert in a particular field, through any one or more of the five bases enumerated in Rule 702 –knowledge, skill, experience, training, or education." Id. at 63-64 (citations omitted).

## II.  Legal Analysis

Bouret Plaintiffs acknowledge Harris is qualified to render expert testimony on maintenance and mechanics. (See Docket No. 306 at 2 ¶ 5.) Their main contention is that Harris' report contains opinions "well beyond the scope of an expert in mechanics and maintenance," and therefore move to preclude Harris' expert testimony as it pertains to mechanical engineering and accident reconstruction. (See Docket No. 306 at 2.) Particularly, Bouret Plaintiffs contend Harris does not possess the experience or the background to opine regarding the expert report by Mark Hood

("Hood").[1]  (See Docket No. 306 at 4 ¶ 13.) Bouret Plaintiffs only generally cite to Harris' expert report, without including a citation to a particular page, paragraph or section relating to mechanical engineering or accident reconstruction.  CAM Defendants respond by arguing that Harris is not offering any opinions regarding metallurgy or accident reconstruction. (See Docket No. 333 at 4-5.) Without specifically stating to which opinions in Harris' report Bouret Plaintiffs object, the court cannot make a determination as to whether Harris is qualified to testify.  Because Harris' qualifications as a mechanics and maintenance expert are not contested, the court will address whether his opinions relate to these areas of expertise.

In his expert report, Harris proffers differing opinions as to two findings in the McSwain Engineering Report signed by Hood. (See Docket No. 306-1 at 13.)  Harris' opinions go to conclusions in Hood's report regarding hardware installation and maintenance. (See id.) According to his curriculum vitae, Harris has more than fifteen (15) years of experience as an FAA-Licensed Airframe and Power Plant Mechanic with Inspection Authorization.[2] (See Docket No. 306-1 at 16-17.) Harris' position as Director of Aircraft Maintenance at a FAA-Certified Repair Station and his experience with avionics installations are further evidence that he is an expert qualified to testify as to the maintenance and installation procedures discussed in his report. (See id.) Based on Harris' experiences and knowledge, the court finds his opinions as to maintenance and hardware installation to be within the scope of his expertise.

Bouret Plaintiffs also contend Harris' opinions on pages 5, 6 and 7 of his report should be precluded because these are not opinions, but rather a summary of the testimony provided by several

---

[1] The court notes Bouret Plaintiffs also contend Harris does not possess the experience or the background to opine regarding the expert report of Colin Sommer. (See Docket No. 306 at 4 ¶ 13.) Bouret Plaintiffs do not direct the court to a specific part of Harris' report that addresses the reports of either Colin Sommer or Mark Hood. Because the court has been unable to locate Harris' opinions regarding Sommer's report, it will only address Harris' opinion as to Hood's report.

[2] CAM Defendants attach Harris' current FAA licenses to their opposition as Exhibit A. (See Docket No. 333-1 at 2.)

of CAM's mechanics in their depositions in this case. (See Docket No. 306 at 6 ¶ 22.) The court disagrees. In addition to the extensive list of reference materials included as Appendix 1 (Docket No. 306-1 at 14) and the explanation of materials he reviewed in the "Wreckage Information" section (Docket No. 306-1 at 3), pages 5, 6, and 7 of Harris' report clearly state that his review is based on maintenance records, various testimonies, the RHC maintenance manual, his own "shop experience," as well as his examination of the aircraft wreckage at Humacao. (See Docket No. 306-1 at 6-7.)

**III.    Conclusion**

For the reasons set forth above, the court **DENIES** Bouret Plaintiffs' motion *in limine* at Docket No. 306.

**SO ORDERED**.

In San Juan, Puerto Rico this 19th day of January, 2012.

*S/ Gustavo A. Gelpí*
GUSTAVO A. GELPÍ
United States District Judge