IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**LIZZETTE M. BOURET ECHEVARRIA, et al.,**

    Plaintiffs,

    v.

**CARIBBEAN AVIATION MAINTENANCE CORP. et al.,**

    Defendant.

Consolidated Cases:
Civil No. 09-2034 (GAG)
Civil No. 09-2142 (GAG)
Civil No. 09-2158 (GAG)
Civil No. 09-2160 (GAG)

## ORDER

Plaintiffs filed the present action against Robinson Helicopter Co. ("Robinson"), Caribbean Aviation Maintenance, Corp. and Chartis Insurance Company - Puerto Rico ("CAM Defendants") (collectively "Defendants") for the events that led to the death of Diego Vidal Gonzalez ("Vidal Gonzalez"). On November 12, 2008, a helicopter piloted by Jose A. Montano ("Montano") and carrying Vidal Gonzalez suffered severe damage while attempting to land at the Fernando Luis Ribas Dominicci Airport. Vidal Gonzalez was rushed to the Rio Piedras Medical Center where he was treated for injuries. Vidal Gonzalez lapsed into a coma and died 59 days later. Through the various consolidated actions, Vidal Gonzalez's widow and three children ("Bouret Plaintiffs"), his son ("Vidal-Shirley"), his father and sisters ("Vidal-Lampon Plaintiffs"), and Montano (collectively "Plaintiffs") brought suit against Defendants for damages, claiming it was the negligence of Defendants that led to the death of Vidal Gonzalez.

The present motion involves three motions *in limine* filed by CAM Defendants seeking to limit Bouret Plaintiffs' ability to present evidence of economic loss to the jury and one motion *in limine* filed by Bouret Plaintiffs seeking to preclude the testimony of CAM Defendants' expert, Ramon Cao. CAM Defendants seek to preclude evidence of Bouret Plaintiffs economic loss assessment (Docket No. 295), future business ventures (Docket No. 297), and passive economic loss (Docket No. 304), all spawning from the loss of Vidal Gonzalez. Bouret Plaintiffs seek to preclude

**Civil No. 09-2034 (GAG)**                                      2

expert Cao from testifying because he does not include Vidal Gonzalez's shares of Vidal & Rodriguez as lost income. For the following reasons, the court **GRANTS IN PART** and **DENIES IN PART** CAM Defendants' motion to preclude Plaintiffs' economic loss assessment (Docket No. 295), **DENIES** CAM Defendants' Motion to preclude evidence of Decedent's Future Business Ventures (Docket 297), **GRANTS** CAM Defendants' motion to preclude Decedent's Passive Income (Docket No. 304), and **DENIES** Plaintiffs' motion to exclude CAM Defendants' Expert Ramon Cao (Docket No. 305).

**I.    Plaintiffs' Economic Loss Assessment (Docket No. 295)[1]**

   **A.    Work-Life Expectancy**

CAM Defendants first attack the economic loss assessment because it includes multiple ages at which Vidal Gonzalez could retire. (See Docket No. 295 at 2-3.) CAM Defendants argue that any age above 70 is not allowed by Puerto Rico law. (See id.) Bouret Plaintiffs argue that there is no limit to a person's life expectancy under Puerto Rico law and that the age Vidal Gonzalez would have retired is a question for the jury. (See Docket No. 325 at 2-4.) The court agrees with Bouret Plaintiffs. Under Puerto Rico law there is no statutory cap in regards to a decedent's life expectancy and the issue is one for the jury to determine. The Supreme Court of Puerto Rico held that the computation of a decedent's work life expectancy is not ruled by a rigid formula, but rather it is a computation of factors such as age, sex, occupation, health, origin, idiosyncracy, habits and numerous other factors. See Suro v. Estado Libre Asociado de Puerto Rico, 11 P.R. Offic. Trans. 563 (1981). For the above reason, the court **DENIES** CAM Defendants' motion to preclude Bouret Plaintiffs' economic expert's testimony at trial.

   **B.    Interest on Past Economic Loss**

CAM Defendants next argue the proposed testimony of Villeta Trigo, Bouret Plaintiffs'

---

[1] Robinson made a motion to join CAM Defendants' motion *in limine* at Docket No. 307. Bouret Plaintiffs objected to the motion to join as untimely because the court-ordered motion *in limine* deadline had expired and Bouret Plaintiffs made a motion to strike the motion to join (Docket No. 309). The court allowed Robinson to join the motion, but did not allow Robinson to make any additional arguments. (See Docket No. 311.) For this reason, the court only entertains the arguments made by CAM Defendants.

**Civil No. 09-2034 (GAG)**                                    3

expert, should not be allowed because it includes interest for past economic loss. (See Docket No. 295 at 3-4.) CAM Defendants argue that interest on economic loss from the time the complaint was filed until judgment is reached is not warranted, unless there is a showing of "obstinance."[2] See P.R. Laws Ann. tit. 32, App. V. Bouret Plaintiffs argue there are no decisions from the Supreme Court of Puerto Rico holding that interest cannot be imposed based solely on economic reasoning. (See Docket No. 325 at 5.) However, the law is clear that prejudgment interest should not be added unless the court finds a party acted with obstinance. See P.R. Laws Ann. tit. 32, App. V. This holding is in line with other courts that reached the same conclusion. See Metro Tech., Corp. v. Tuv Rheinland of N. Am., No. 09-1824, 2010 WL 4117123, at *12 (D.P.R. Oct. 18, 2010). For the reasons stated, the court **GRANTS** CAM Defendants' motion to preclude Bouret Plaintiffs testimony regarding prejudgment interest on past economic loss.

### C.     Expected Salary Increases

The third argument CAM Defendants make is the expected salary increases are not supported and are not explained by Plaintiffs' expert. (See Docket No. 295 at 4-5.) Plaintiffs hired an expert to calculate the economic loss of Vidal Gonzalez and that expert relied upon the economic information of Vidal Gonzalez in order to reach his conclusions. The fact that Vidal Gonzalez's income fluctuated over the course of the past seven years does not necessitate a finding that his income would not have increased over time. However, a projection of a constantly increasing income may not appear trustworthy to the jury, and it is ultimately the jury that will decide whether such a conclusion is meritorious. Payton v. Abbott Labs, 780 F.2d 147, 156 (1st Cir. 1985) (stating any reasoning that undercuts the basis of expert's opinion relates to evidence's weight, not admissibility). Accordingly the court **DENIES** CAM Defendants' motion to preclude evidence of potential salary increases.

For the above reasons, the court **GRANTS IN PART** and **DENIES IN PART** CAM Defendants motion *in limine* at Docket No. 295.

### II.    Evidence of Decedent's Future Business Ventures (Docket No. 297)

---

[2] The Spanish word is "temeridad." P.R. Laws Ann. tit. 32, App. V.

**Civil No. 09-2034 (GAG)**                                                4

CAM Defendants next move to preclude Bouret Plaintiffs from offering evidence regarding Vidal Gonzalez's future business venture called IMS Insurance Company of Puerto Rico. (See Docket No. 297 at 2.) CAM Defendants argue that any economic benefit this venture might have had is too speculative and unreasonable to calculate. (See id. at 2-3.) Bouret Plaintiffs state their reason for using this evidence is not to argue increased damages, but to demonstrate the factors set out in Suro which require Bouret Plaintiffs to demonstrate Vidal Gonzalez did not plan to retire at an earlier age. See Suro, 11 P.R. Offic. Trans. 563. The court agrees with Bouret Plaintiffs that this use of the evidence is valid. While the evidence is too speculative for Bouret Plaintiffs to use in order to obtain a higher damage award, the evidence is relevant to the issue of whether Vidal Rodriguez planned to retire pursuant to the Suro factors. For this reason, the court **DENIES** CAM Defendants' motion to preclude this evidence (Docket No. 297).

**III.    Inclusion of Decedent's Passive Income (Docket Nos. 304 & 305)**

CAM Defendants seek to preclude Bouret Plaintiffs from including the passive income of Vidal Gonzalez in their account for damages (Docket No. 304). Bouret Plaintiffs responded (Docket No. 325) and made their own motion to preclude CAM Defendants' testimony regarding Vidal Gonzalez's passive income (Docket No. 305). CAM Defendants responded to that motion (Docket No. 332). The court finds Vidal Gonzalez's stock in Vidal & Rodriguez are part of Vidal Gonzalez's passive income. These should not be calculated as lost earnings.

The distinction between active and passive income is that the former is a result of the current production of the decedent while the latter is a result of earnings derived from sources not requiring continuous effort. See Weil v. Seltzer, 873 F.2d 1453, 1463 (D.C. Cir. 1989); Hartz v. U.S., 415 F.2d 259, 264 (5th Cir. 1969). An annual salary is an example of active income, while ownership of stock in a corporation is an example of passive income. See Weil, 873 F.2d at 1463. Puerto Rico law makes this distinction and allows the court to decide whether profits are from derived from active or passive income. See Rodriguez Baez v. Nationwide Ins. Co., 156 D.P.R. 614, 628-29 (2002) (holding loss of profit for non-salaried employee includes profits of company). The Nationwide Court held that a trial court should balance the loss of the individual with the loss of the defendants in order to ensure the laws were applied in order to repair actual losses, rather than in a

**Civil No. 09-2034 (GAG)**                                5

punitive manner. See id.

In this case, Vidal Gonzalez was a salaried employee. CAM Defendants do not seek to preclude his salary from the active income. (See Docket No. 304 at 5-6.) However, CAM Defendants argue that interests, profits and dividends from investments, profits from the sale of capital assets and profits from shares of Vidal & Rodriguez constitute passive income. (See id. at 6.) The court agrees that interest, profits and dividends are examples of passive income as Vidal Gonzalez did not have to actively work to reap the financial gain from these sources. Similarly, the sale of corporate assets is passive because no effort on the part of Vidal Gonzalez was required to enjoy the benefits of the sale. The income derived from the sale of Vidal Gonzalez's shares of Vidal & Rodriguez is also an example of passive income. See Hartz, 415 F.2d at 264 (holding stock is a form of passive income).

Vidal Gonzalez and Rodriguez, the two owners of the company, signed a Purchase-Sale Agreement[3] in which they each agreed to purchase the other's shares for an agreed upon price in case one of them died. (See Docket No. 304-2.) Bouret Plaintiffs argument that the sale of this stock is not passive income falls short as stock ownership is a quintessential example of passive income. See Hartz, 415 F.2d at 264; Weil, 873 F.2d at 1463 (holding capital and investment income is passive income). Vidal Gonzalez listed himself as an employee who earned a salary from his company on his tax returns. (See Docket No. 325 at 10.) As such, his annual salary is distinct from any potential gains he experienced due to his stock ownership. Ownership of 50% of the company can be considered passive income because it is stock ownership and completely separate from salary. Therefore, Bouret Plaintiffs are barred from including the sale of Vidal & Rodriguez stock, which amounts to $4 million, as lost earnings. In ruling in favor of CAM Defendants' motion *in limine,* the court points out that only passive income will be barred from evidence and active income may still be argued to the jury. For these reasons, the court **GRANTS** CAM Defendants' motion *in limine* (Docket No. 304) and **DENIES** Bouret Plaintiffs' motion *in limine* (Docket No. 305).

---

[3] The wives of Vidal Gonzalez and Rodriguez were also signatories to the agreement. (See Docket No. 304-2 at 14.)

### III. Conclusion

For the aforementioned reasons the court **GRANTS IN PART** and **DENIES IN PART** CAM Defendants' motion to preclude Bouret Plaintiffs' economic loss assessment (Docket No. 295), **DENIES** CAM Defendants' motion to preclude evidence of decedent's future business ventures (Docket 297), **GRANTS** CAM Defendants' motion to preclude decedent's passive income (Docket No. 304), and **DENIES** Bouret Plaintiffs' motion to exclude CAM Defendants' expert Ramon Cao (Docket No. 305).

**SO ORDERED**.

In San Juan, Puerto Rico this 24th day of January, 2012.

*S/Gustavo A. Gelpí*

GUSTAVO A. GELPÍ

United States District Judge