**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

**LIZZETTE M. BOURET ECHEVARRIA, et al.,**

    Plaintiffs,

    v.

**CARIBBEAN AVIATION MAINTENANCE CORP., et al.,**

    Defendants.

Consolidated Cases:
Civil No. 09-2034 (GAG)
Civil No. 09-2142 (GAG)
Civil No. 09-2158 (GAG)
Civil No. 09-2160 (GAG)

**ORDER**

The present matter involves Robinson's motion for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(a). Initially, the court heard Robinson's counsel argue for the granting of this motion upon completion of Plaintiffs' evidence. However, in realizing the detail and intricacy of the law in this field, the court asked Robinson to submit its argument in writing to the court for disposition. Robinson complied with such request, submitting its written request for judgment as a matter of law at Docket No. 450. After reviewing the motion and pertinent law, the court **DENIES** Robinson's motion at Docket No. 450.

**I.   Legal Standard**

In ruling on a Rule 50(a) judgment as a matter of law motion, the court, "draw[s] all reasonable inferences in favor of the nonmoving party and resist[s] the temptation to weigh the evidence or make our own credibility determinations." Munoz v. Sociedad Espanola De Auxilio Mutuo y Beneficiencia De Puerto Rico, 2012 WL 229709, at *4 (1st Cir. Jan. 26, 2012). The court reviews all the evidence in the record, but disregards evidence favorable to the moving party that the jury is not bound to credit. See id. (citing Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 151 (2000)).

    **A.   Proof of Design Defect**

Robinson first argues that Plaintiffs have failed, as a matter of law, to demonstrate a design

**Civil No. 09-2034 (GAG)**                              2

defect in the R-44 Helicopter.  (See Docket No. 450 at 2.)  Robinson is correct in stating only the risk/utility test is available to Plaintiffs in this case because the consumer expectations test is not available when the underlying matter involves complex technical matters such as the present case. See Quintana–Ruiz v. Hyundai Motor Corp., 303 F.3d 62, 77 (1st Cir. 2002).  Robinson contends the design of the R-44 helicopter complies with all relevant Federal Aviation Regulations ("FAR"), including FAR 27.607 which states:

> (a) Each removable bolt, screw nut, pin, or other fastener whose loss could jeopardize the safe operation of the rotorcraft must incorporate two separate locking devices.  The fastener and its locking devices may not be adversely affected by the environmental conditions associated with the particular installation.
> (b) No self-locking nut may be used on any bolt subject to rotation in operation unless a nonfriction locking device is used in addition to the self-locking device.

14 U.S.C. § 27.607.  Robinson argues that only Colin Sommer ("Sommer"), expert witness for Plaintiffs, could have provided testimony Robinson's design was defective by the risk/utility test. (See Docket No. 450 at 3.)  Robinson singles out one opinion of Sommer's at trial that relates to the faulty design, specifically that, "[t]he design was faulty because it is bad engineering practice and against federal regulations to put a friction device on a rotating component in conjunction with a self-locking nut."  (See id. (quoting Docket No. 441 at 103, LL. 17-20.))  Sommer later testified on cross-examination that the swash plate is non-rotating.[1]  (See Docket No. 442 at 121-22, LL. 18-1.) By combining these two statements, Robinson argues Plaintiffs' own expert agrees that the subject bolt connection is a non-rotating bolt connection, therefore, Robinson complied with the pertinent FAR and cannot be held liable for a design defect.  (See Docket No. 450 at 4.)

Robinson asks the court to adopt this view of the evidence presented to the jury, while ignoring other aspects of Sommer's testimony.  Robinson has accurately quoted portions of Sommer's testimony, but Robinson leaves out vast swaths of Sommer's testimony that is directly relevant to this issue.  Most importantly, Sommer testified that, "[e]very single time the swash plate

---

[1] From the testimony, it is unclear to the court whether Sommer was agreeing that the bolt does not rotate or whether the swash plate does not rotate.  Sommer was clear during his direct testimony that the connection at issue, where the push-pull tube connects to the swash plate, rotates when the pilot engages the push pull tube.

moves, this push-pull tube rod end rotates. So when it pushes the swash plate up, it rotates; when it pulls the swash plate down, it rotates. Every single control input by the pilot causes a rotation about this bolt." (See Docket No. 441 at 74, LL. 24-25; at 75, LL. 1-4.) Sommer goes on to discuss the use of pal-nuts in this type of connection and testifies that this connection is the type of connection that requires a non-friction nut. (See Docket No. 441 at 75.)

Drawing all inferences in the light most favorable to Plaintiffs, as the court must do for this motion, Sommer's testimony cannot be characterized as stating Robinson complied with all the FARs. In fact, at various points, Sommer testified as to the exact opposite. The court will not, as a matter of law, hold that Robinson complied with the FARs when contradictory evidence exists. Whether this connection is a rotating connection is not a question of law in the province of the judge. Rather, it is a question of fact in the province of the jury.

**B.     FAA Preemption**

Having found that a reasonable jury could find that Robinson's design did not comply with the relevant FARs, the court need not discuss Robinson's other arguments. It is sufficient for Plaintiffs to demonstrate non-compliance with the applicable FARs in order to assert their design defect claim. However, as Robinson points out, it is an unsettled question whether compliance with FARs preempts state law claims by Plaintiffs. Compare Cleveland By and Through Cleveland v. Piper Aircraft Corp., 985 F.2d 1438, 1447 (10th Cir. 1993) (holding design defect claims not preempted by FAA), and French v. Pan Am Exp., Inc., 869 F.2d 1, 4 (1st Cir. 1989) (holding FAA preempts actions alleging pilot unsuitability under state law), with Abdullah v. American Airlines, Inc., 181 F.3d 363 (3d Cir. 1999) (holding FAA preempts state standards of care and plaintiff may sue airlines only for violations of FAA standards). In this case, there is sufficient evidence before the jury allowing them to reasonably conclude Robinson did not comply with the FARs. The circuit courts have ruled on this issue allowing claims by plaintiffs alleging the design did not comply with the FARs. That is the case here. See Abdullah, 181 F.3d at 376-77.

**C.     Proximate Cause and Mechanically Feasible and Safer Alternative Design**

Robinson's last two contentions follow through with the analysis based on the court

**Civil No. 09-2034 (GAG)**                4

determining that Robinson did not, as a matter of law, violation any FAR.  Because the court has previously undermined this predicate, these issues do not necessitate an in-depth discussion.  First, Robinson claims Plaintiffs failed to demonstrate a mechanically feasible and safer alternative.  Sommer testified that it was the use of a friction bolt by Robinson that violated the FARs and that a non-friction bolt could have been used for one dollar and twenty five cents more.  (See Docket No. 441 at 80, LL. 3-10.)  The use of a castellated nut, which is a non-friction nut instead of the use of the pal-nut, a friction nut, would have brought Robinson in compliance with the FARs.  This testimony is sufficient to demonstrate the existence of a mechanically feasible and safer alternative.

The other contention that Plaintiffs were unable to demonstrate the design defect was the proximate cause of Plaintiffs damages is not supported by the record.  In the broad sense, Plaintiffs' argument is that this accident would not have occurred and Diego Vidal would not have died had this connection been designed different.  Specifically, Sommer stated it was this design defect that led to the crash causing Vidal's injuries.  (See Docket No. 441 at 103, LL. 3-14.)  Again, a reasonable jury could rely on this testimony to conclude that the design defect was the proximate cause Plaintiffs' injuries.

**II.     Conclusion**

For the aforementioned reasons, the court **DENIES** Robinson's motion for judgment as a matter of law (Docket No. 450).

**SO ORDERED**.

In San Juan, Puerto Rico this 29th day of February, 2012.

*S/ Gustavo A. Gelpí*
GUSTAVO A. GELPÍ
United States District Judge