IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**LIZZETTE M. BOURET ECHEVARRIA, et al.,**

    Plaintiffs,

    v.

**CARIBBEAN AVIATION MAINTENANCE CORP., et al.,**

    Defendants.

Consolidated Cases:
Civil No. 09-2034 (GAG)
Civil No. 09-2142 (GAG)
Civil No. 09-2158 (GAG)
Civil No. 09-2160 (GAG)

## ORDER

The background of this case has been expounded numerous times through the previous orders of this court. It suffices to say that after a lengthy jury trial in which the jury neither found a design defect nor negligence by the maintenance crew, the Bouret Plaintiffs, joined by Diego Vidal Shirley, now seek an evidentiary hearing and new trial due to a tainted jury pool. For the following reasons, the court **DENIES** the motion at Docket No. 510.

Plaintiffs invoke Federal Rule of Civil Procedure 60 to demonstrate their right a new trial. In pertinent part, Rule 60 states:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; or
> (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b)(2,3,6). The Rule delineates specific time periods to bring a motion, stating: "A motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." FED. R. CIV. P. 60(c)(1). Because this motion was filed nearly eighteen months after judgment was entered, Plaintiffs must rely upon subsection six as a means for relief. When analyzing motions

**Civil No. 09-2034 (GAG)**  2

seeking relief under Rule 60(b), the court acts cautiously.

> The Rule 60(b) standard is familiar. Success under that rule requires more than merely casting doubt on the correctness of the underlying judgment. See Karak v. Bursaw Oil Corp., 288 F.3d 15, 19 (1st Cir. 2002). Rather, Rule 60(b) relief is 'extraordinary in nature' and, thus, 'motions invoking that rule should be granted sparingly.' Id.

Fisher v. Kadant, Inc., 589 F.3d 505, 512 (1st Cir. 2009).

First, the court finds Plaintiffs motion untimely. Judgment was entered on March 19, 2012. Plaintiffs' motion was filed September 4, 2013. While there is no specific time limit under Rule 60(b)(6), seeking relief eighteen months after final judgment pushes against reasonableness. See Cotto v. U.S., 993 F.2d 274, 278 (1st Cir. 1993) (holding eventually litigation must come to an end). Plaintiffs cannot use Section (b)(6) in a manner to escape the time constraints of Section (c)(1). See id. ("Rule 60(b)(6) may not be used to escape the consequences of failure to take a timely appeal."). Plaintiffs cite nothing to support their contention that the court should entertain this motion so long after the judgment was entered. For example, Plaintiffs point to Wilgus v. F/V Sirius, Inc., 665 F. Supp. 2d 23 (D. Me. 2009) as requiring the court to investigate the conduct of the jury. (See Docket No. 511 ¶ 17.) However, in that case, the alleged misconduct was brought to the court's attention merely days after the judgment was entered. See Wilgus, 665 F. Supp. 2d at 24. Clearly the facts of Wilgus and the present case are substantially different due to the passage of time. What was an appropriate investigation in Wilgus is not necessarily appropriate here. Similarly, other precedent cited by Plaintiffs involves a short time period between judgment and the Rule 60 motion, or is simply unclear as to the timeline of the events.

Second, the issue of Juror Number 4 was brought to the attention of all parties at trial. After identifying the issue to the court, Juror Number 4 was questioned by the court to determine whether his ability to be impartial was threatened. All counsel were present during this discussion and none made an objection to retaining Juror Number 4. In and of itself, this interaction may not have informed Plaintiffs that Juror Number 4 had purported knowledge of broken down settlement discussions, but it did put Plaintiffs on notice that this juror knew someone involved in this litigation. At the time, Plaintiffs raised no objections to Juror Number 4 remaining on the jury.

Third, Plaintiffs present to the court only hearsay evidence of the supposed tainted jury

**Civil No. 09-2034 (GAG)**                              3

deliberations. Plaintiffs raise a valid argument regarding their inability to directly contact the jurors pursuant to Local Rule 47(d). That rule states, "Counsel and the aprties shall refrain from any post-verdict communication with the jurors, except under the supervision of the Court." L.Cv.R. 47(d). Therefore, in support of this motion, Plaintiffs provide two affidavits, one from Dr. Lissette Bouret Echevarria and one from her attorney David P. Angueira. (See Docket Nos. 511-1 & 511-2.) However, these materials are insufficient to push Plaintiffs' claims beyond the daunting threshold required by Rule 60(b). If this material were sufficient to force a court to hold an evidentiary hearing, the court would be potentially required in any civil case to grant an evidentiary hearing following a jury verdict based on mere rumors, regardless of how much time had elapsed since judgment. Rule 60(b) is not satisfied that easily. See Neron v. Tierney, 841 F.2d 1197, 1205 (1st Cir. 1988) (holding minimal evidentiary threshold must be met prior to interviewing juror regarding impropriety).

For these reasons the court **DENIES** Plaintiffs motion for an evidentiary hearing and a new trial at Docket No. 511.

**SO ORDERED**.

In San Juan, Puerto Rico this 21st day of October, 2013.

*S/Gustavo A. Gelpí*
GUSTAVO A. GELPÍ
United States District Judge